IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Charles Pierce Farris, Jr. and | ) | |
| Pamela Farris, | ) | Case No.: 05-13253-BGC-7 |
| | ) | |
| Debtors. | ) | |

| | | |
|---|---|---|
| Besco Steel Supply, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | A. P. No.: 06-00121 |
| | ) | |
| Charles Pierce Farris, Jr. and | ) | |
| Pamela Farris, | ) | |
| | ) | |
| Defendants. | ) | |

**Memorandum Opinion on
the Plaintiff's Motion for Summary Judgment**

**DO NOT PUBLISH**

The matter before the Court is the Motion for Summary Judgment filed by the plaintiff, Besco Steel Supply, Inc., on October 29, 2007 (Proceeding No. 34). After notice, a hearing was held on December 5, 2007, at 11:00 a.m. No one appeared for the parties. The Court therefore took the matter under submission based on the motion; the brief, affidavits, and exhibits filed by the plaintiff in support of that motion; the pleadings; and the record in this case. The defendants did not submit anything in opposition to the plaintiff's motion.

**I. Facts**

Besco filed two affidavits in support of its motion for summary judgment. One affidavit was from Mr. Jimmie Townsend, the president of the plaintiff corporation. The other affidavit was from Mr. Kearney Dee Hutsler, the attorney who represented Besco in the state court suit Besco filed against Mr. Farris and Red Rock Steel on November 28, 2005. See Exhibits A & B to Memorandum in Support of Motion for Summary Judgment filed on October 29, 2007 (Proceeding No. 33). Those affidavits establish these facts:

A. Besco's state court complaint contained two counts. One count was for breach of contract. The other count was for "theft of property," as defined in sections 13A-8-1, 13A-8-2, and 13A-8-3 of the Code of Alabama 1975. The "theft of property" count alleged that: (1) Mr. Farris and Red Rock ordered and received several shipments of steel from Besco for which they agreed to pay $42,098.44; (2) Mr. Farris and Red Rock never paid Besco for the steel; and, (3) when Mr. Farris and Red Rock ordered and received the steel, they did not have any intention of paying for it and knew they were not going to pay Besco for the steel. Exhibit 2 to <u>Affidavit of Kearney Dee Hutsler</u> (Exhibit B to <u>Memorandum in Support of Motion for Summary Judgment</u> filed on October 29, 2007 (Proceeding No. 33)).

B. On March 22, 2006, the parties to the state court suit, all of whom were represented by counsel, entered into a settlement agreement. Pursuant to that agreement, Mr. Farris and Red Rock agreed to pay Besco $20,000 in certified funds within 14 days. If they failed to make that payment, a consent judgment would be rendered against them for $59,288.05. That judgment would also, "include a finding under [Besco's] second count of theft by deception." Exhibit 3 to <u>Affidavit of Kearney Dee Hutsler</u> (Exhibit B to <u>Memorandum in Support of Motion for Summary Judgment</u> filed on October 29, 2007 (Proceeding No. 33) (parenthetical added)).

C. The $20,000 was not paid. Consequently, pursuant to the terms of the settlement agreement, on April 6, 2006, the state court entered a judgment in favor of Besco and against Mr. Farris and Red Rock for $59,288.05. The judgment included specific findings that, "the Defendants actions are intentional, fraudulent, and deceitful and a violation of §13A-8-3, Code of Alabama constituting theft of property by deception," and "that the Defendants... are guilty of theft by deception in violation of § 13A-8-3...." Exhibit 4 to <u>Affidavit of Kearney Dee Hutsler</u> (Exhibit B to <u>Memorandum in Support of Motion for Summary Judgment</u> filed on October 29, 2007 (Proceeding No. 33)).

In the present adversary proceeding, Besco seeks a determination that the state court judgment is not dischargeable in Mr. Farris' Chapter 7 bankruptcy case pursuant to section 523(a)(2)(A) of the Bankruptcy Code. 11 U.S.C. § 523(a)(2)(A).

In its motion for summary judgment, Besco contends that the findings contained in the state court judgment conclusively establish the nondischargeability of that judgment and that the doctrine of collateral estoppel precludes Mr. Farris from relitigating the dischargeability of that judgment in this or any other proceeding.

2

## II.  Conclusions of Law

### A.  Applicable Law

#### 1.  Summary Judgment Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, a moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  The framework in this Circuit for determining whether there is a genuine issue of material fact which would preclude summary judgment is outlined in the decision of the Court of Appeals for the Eleventh Circuit Court in Fitzpatrick v. City of Atlanta, 2 F.3d 1112 (11th Cir. 1993).  This Court has followed that framework in this proceeding.

#### 2.  Collateral Estoppel

##### a.  Federal Standard

Collateral estoppel prevents the relitigation of issues already litigated and determined by a valid and final judgment in another court.  HSSM #7 Limited Partnership v. Bilzerian (In re Bilzerian), 100 F.3d 886, 892 (11th Cir. 1996), cert. denied, 523 U.S. 1093 (1998).  It is well-established that the doctrine of collateral estoppel applies in a proceeding to determine the dischargeability of a debt in bankruptcy.  Id.  The decision rendered by the Supreme Court in Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373 (1985) requires bankruptcy courts, in dischargeability proceedings, to utilize a state's principles of collateral estoppel to determine the issue preclusive effect of a judgment rendered by a court of that state.  "If the prior judgment was rendered by a state court, then the collateral estoppel law of that state must be applied to determine the  judgment's preclusive effect."  St. Laurent v. Ambrose (In re St. Laurent), 991 F.2d 672, 676 (11th Cir. 1993).

##### b.  State Standard

Under Alabama law, a prior judgment may be accorded collateral estoppel effect if: (1) the issue involved in the prior proceeding was identical to the issue involved in the present proceeding; (2) the issue was "actually litigated" in the prior proceeding; (3) the resolution of the issue was necessary to the prior judgment; and (4) the parties in the present proceeding are the same as those involved in the prior proceeding.  Lott v. Toomey, 477 So.2d 316, 319 (Ala. 1985).  A judgment by consent satisfies the "actually litigated" requirement and is, with respect to issues actually decided by that judgment, as conclusive between the parties as a judgment entered after the conclusion of a trial.

3

Sanders v. First Bank of Grove Hill, 564 So.2d 869, 872 (Ala. 1990); Leverette ex rel. Gilmore v. Leverette, 479 So.2d 1229, 1237 (Ala. 1985); A.B.C. Truck Lines v. Kenemer, 247 Ala. 543, 548, 25 So.2d 511, 515-516 (1946).

### 3. Section 523(a)(2)(A) of the Bankruptcy Code

Section 523(a)(2)(A) of the Bankruptcy Code makes nondischargeable debts for money, property, services or credit obtained by a debtor by, "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). To have a debt declared nondischargeable pursuant to section 523(a)(2)(A), a creditor must prove, "the debtor made a false statement with the purpose and intention of deceiving the creditor; the creditor relied on such false statement; the creditor's reliance on the false statement was justifiably founded; and the creditor sustained damage as a result of the false statement." Fuller v. Johannessen (In re Johannessen), 76 F.3d 347, 350 (11th Cir. 1996).

"A debtor's misrepresentations of his intentions... may constitute a false representation within the meaning of the dischargeability provision if, when the representation was made, the debtor has no intention of performing as promised." Allison v. Roberts (In re Allison), 960 F.2d 481, 484 (5th Cir. 1992). "If, at the time he made his promise, the debtor did not intend to perform, then he has made a false representation (false as to his intent) and the debt that arose as a result thereof is not dischargeable (if the other elements of § 523(a)(2)(A) are met)." Palmacci v. Umpierrez, 121 F.3d 781, 787 (1st Cir. 1997).

A creditor's reliance is considered justifiable unless, "under the circumstances, the facts should [have been] apparent to one of [said creditor's] knowledge and intelligence from a cursory glance, or he [actually] discovered something which should [have] serve[d] as a warning that he [was] being deceived...." City Bank & Trust Co. v. Vann (In re Vann), 67 F.3d 277, 283 (11th Cir. 1995)(quoting W. Page Keeton, Prosser & Keeton on Torts § 108, at 752 (5th ed. 1984)) (parentheticals added). "[A] person is 'required to use his senses, and cannot recover if he blindly relies upon a misrepresentation the falsity of which would be patent to him if he had utilized his opportunity to make a cursory examination or investigation.'" Field v. Mans, 516 U.S. 59, 71 (1995)(emphasis added)(quoting Restatement (Second) of Torts § 541, Comment a.) (emphasis added).

### 4. Sections 13A-8-3, 13A-8-2, and 13A-8-1 of the Code of Alabama 1975

Section 13A-8-3, Code of Alabama 1975 provides, "theft of property which exceeds two thousand five hundred dollars ($2,500) in value, or property of any value taken from the person of another, constitutes theft of property in the first degree." Code of Ala., 1975, §13A-8-3. Section 13A-8-2, Code of Alabama 1975, provides, "A

4

person commits the crime of theft of property if he or she... (2) Knowingly obtains by deception control over the property of another, with intent to deprive the owner of his or her property." Code of Ala., 1975, §13A-8-2. Section 13A-8-1(1)(f), Code of Alabama 1975 provides, "(1) Deception occurs when a person knowingly... (f) [p]romises performance which the defendant does not intend to perform or knows will not be performed." Code of Ala., 1975, §13A-8-1(1)(f).

To establish theft by deception, a plaintiff must prove: (1) that the defendant knowingly obtained the property; (2) that the defendant obtained the property by deception; and (3) that the defendant intended to deprive the owner of the property. In re Stinson, 631 So.2d 831, 832 (Ala. 1992).

Although not specifically provided for in the statutes, justifiable reliance is, through judicial implication, an element of the cause of action. "[R]eliance is an element of the offense of theft by deception." Ex parte Rosborough, 909 So.2d 772, 775 (Ala. 2004). See Yeager v. State, 500 So.2d 1260, 1269 (Ala. Cr. App. 1986)(same). "In applying the statute, the courts read a reliance requirement into the law." Ex parte Day, 481 So.2d 1169, 1171 (Ala. 1985). But, like the standard applicable to section 523(a)(2)(A) proceedings, the reliance need not have been reasonable. Yeager v. State, 500 So.2d at 1273. "[I]f the pretense is not of itself absurd or irrational, or if [the plaintiff] had not at the very time it was made and acted on, the means at hand of detecting its falsehood, if he was really imposed on, his want of prudence is not a defense." Yeager at 1273, quoting, Woodbury v. State, 69 Ala. 242, 245-46 (1881) (parenthetical added). "The fact that the victim was not diligent, but imprudent will not negate his reliance if the misrepresentation would have caused a reasonably prudent person to act." Ex parte Day, 481 So.2d 1169, 1171 (Ala.1985). "But it is the victim's duty to avail himself of the means of detection at hand at the very time to determine the truth or falsity of the accused's representations." Yeager v. State, 500 So.2d at 1269 (citations and internal quotations marks omitted)(emphasis added). Therefore, even though the Alabama cases do not specifically employ the term "justifiable," their definition of the reliance necessary to prove "theft by deception" parallels the definition of "justifiable reliance" employed by bankruptcy courts when determining dischargeability under section 523(a)(2)(A).

## B. Application of the Law to the Facts

The above demonstrates that the elements required under state law to recover for "theft by deception" are the same as those required for a determination of nondischargeability pursuant to section 523(a)(2)(A). Consequently, the judgment of the state court awarding damages to Besco for Mr. Farris' "theft by deception" conclusively establishes in the present proceeding that the debt represented by the state court judgment is, by virtue of section 523(a)(2)(A), not dischargeable. Also, Mr. Farris is estopped by that judgment from relitigating the issue of the dischargeability of the same in this or any other case.

These holdings do not apply to Mrs. Farris, although she is a named defendant in this adversary proceeding and is a co-debtor with Mr. Farris in Bankruptcy Case No. 05-13253-BGC-7. Mrs. Farris was not a party to the state court suit and the judgment rendered in that case does not involve her. Similarly, none of the pleadings, motions, briefs, or other documents filed by Besco in this proceeding contain any allegations of any sort against Mrs. Farris. Therefore summary judgment is due to be denied as to Mrs. Farris.

Therefore, based on the above the Court concludes, with respect to Besco's nondischargeability claims against Mr. Farris (but not those against Mrs. Farris), there is not a genuine issues of material fact, and Besco is entitled to judgment as a matter of law.

A separate order will be entered in conformity with this memorandum opinion.

Dated: December 19, 2007    /s/Benjamin Cohen
                            BENJAMIN COHEN
                            United States Bankruptcy Judge

BC:sm